BELSOME, J.,
dissents with reasdns.
IT disagree with the majority opinion.
“[A] challenge for cause should be granted, even when- a prospective juror declares his ability to remain'impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice, or the inability to render a judgment according to the law may be reasonably implied.” State v. Juniors, 03-2425, p. 9 (La.6/29/05), 915 So.2d 291, 305.
In reviewing the entirety of the prospective juror’s voir dire testimony, it was revealed that the prospective juror[1] went to high school with the victim and later worked with her in the same capacity at the.Orleans Parish Sheriffs Office. The prospective juror went on to state that she was no longer employed- at the Sheriffs Office, leading to the following exchange:
Mr. Barksdale[2]: Okay and did you en- - joy working for the sheriffs department?
Juror No. 1: Yes, I did.
Mr. Barksdale: How come?
Juror No. 1: I enjoyed doing the — job. I just didn’t really enjoy the atmosphere.
■' Mr. Barksdále: And what do you mean by that?
| gJuror No. 1: Because there was so much profanity there. I mean, I’ve never witnessed an inmate being obscene firsthand. But I have heard stories of a person doing what they were doing in the company of deputies, as well as nurses and the clerks as well.
• In yet another exchange with Mr. Barksdale, the prospective juror responds to a question regarding the criminal behavior of prisoners:
Mr. Barksdale: ... Does ■ anybody think prisoners — people who are in jail are more likely to commit crimes? ...
Juror No. 1: If they’re in jail, obviously, they committed some type of crime. I have — I was an employee at the sheriffs office. I have witnessed several different people coming through the doors on several different occasions, stating: I’m not coming back. And they walk through the doors a.couple of months later for maybe a similar reason — maybe something different. If you’re in jail, you committed a crime...
Given the totality of the prospective juror’s responses together with the fact that the defendant was a prisoner charged with obscenity, I would find that the trial court abused its discretion in denying the defen *79 dant’s challenge for cause. Although the prospective juror claimed that she could be fair and impartial, her testimony as a whole revealed facts from which,bias and prejudice could be reasonably implied. Therefore, I would reverse the conviction.

. Juror No. 1.

. Mr. Russell Barksdale was counsel for the defendant.